William C. BAREFOOT, Appellant,

v.

Song N. BAREFOOT, Appellee.

No. 5886.

Court of Civil Appeals of Texas, Waco.

April 27, 1978.

Rehearing Denied May 18, 1978.

John R. Duren and Mary M. Mudd, Duren & Thompson, Copperas Cove, for appellant.

E. Gerald Sutton, Sutton & Kitchens, Killeen, for appellee.

HALL, Justice.

Appellant William C. Barefoot and appellee Song N. Barefoot were divorced in 1972. The custody of their child, a son born February 26, 1966, was awarded to appellee. Appellant was ordered to pay $160.00 per month for child support, excepting two months during each summer when he would have the child with him. Appellant has made all support payments as ordered. He brought this action in September, 1977, to have the payments reduced. Appellee countered with a plea to have the support increased. After a hearing without a jury, judgment was rendered denying both parties any relief.

Only appellant complains. He asserts that the court's failure to reduce the amount of his child support payments was an abuse of discretion.

When the parties were divorced, appellant was a sergeant first class in the Army. His military occupational specialty was Food Service Supervisor. His gross pay was $1,000.00 per month. In anticipation of their divorce, the parties agreed as a part of their property division that appellant should

receive all of his retirement pay, and he was awarded all of it in the divorce decree. It was also agreed by the parties that appellant should claim the child as a dependent for federal income tax purposes. Appellant's motion to reduce child support was heard on September 23, 1977. At that time he had retired from the Army after 26 years of service. The retirement was to become officially effective on September 30, 1977. Appellant's gross retirement pay was calculated to be $585.00 per month.

The evidence shows that in 1974 appellant lost the sight in his right eye when the lense was removed. However, the vision of his left eye is normal. In 1975 he tore the cartilage in his right knee. He also has fluid on both knees. Whether he will draw disability payments from the Army for these physical problems has not been determined.

Appellant has remarried since his divorce from appellee. The evidence does not show that he and his wife have any children. Appellant testified that his wife is employed, but there is no evidence as to the nature of her job nor the amount of her income.

Appellant's original home was in Alabama. He owns one-half acre of land there which he values at $1,000.00. He and his wife plan to move to Alabama. Neither has a known job opportunity waiting there. In preparation for the move, about one week before the trial appellant closed a credit union account of $900.00 and placed it in his checking account in a local bank. The evidence indicates that appellant does not now have a savings account, but it does not show the balance in his checking account.

Appellant admitted on the trial that in addition to his abilities as a food service supervisor he is also "a pretty good mechanic." He then testified as follows: "Q. If you work as a mechanic or in food service about how much do you think you would normally make, do you have any idea? A. No, I haven't, haven't had a chance to check into the job, even. Q. Do you think you would probably make as much as five or six hundred a month, either in mechanic work

or food service? A. Well, I don't know now about that, what the mechanic rate is or anything."

When appellant and appellee were divorced, he was awarded their equity in a house located in Alabama. Appellant presently owns but owes balances upon a 1977 pickup truck and a Coachman travel trailer. Appellant stated that he sold the house in Alabama in 1975, and used the proceeds of sale and another pickup truck as down payment on the new truck and the travel trailer. He testified that the balances owed are $3,200.00 on the pickup truck and $7,000.00 on the travel trailer, but the proof does not show his payment-arrangement for those vehicles nor the amount of the payments.

■ The evidence does not conclusively show that appellant is no longer able to pay $160.00 per month for child support. Although appellant's physical problems might affect his earning capacity, they do not establish that he is unemployable. To the contrary, appellant testified, "I'm going to try to find a job when I get home." The evidence simply shows that appellant has not inquired into job opportunities in Alabama as a food service specialist or mechanic and does not yet know what his earnings will be, there. If those earnings approach $500.00 per month, his personal income will be as much as it was before he retired from the Army. Too, it is a reasonable inference from the record that appellant's wife will probably secure a job in Alabama, as she did when appellant was on full pay, and thereby provide additional income for their subsistence.

Under the record, the court's refusal to reduce appellant's payments for the support of his child was not an abuse of discretion.

■ Appellant asserts the court erred in failing to consider certain proof relating to the ability of appellee, who has also remarried, to support the child. Although we agree with appellant that this proof was properly before the court for consideration, we hold this complaint does not present reversible error. Within their abilities to do so, it is the equal duty of parents to

provide the needs of their children, including clothing, food, shelter, medical care, and education. V.T.C.A., Family Code § 12.04. Appellant conceded on the trial that with the child now older and in school, and with the increase in living costs since 1972, the expenses for the child's needs have increased since the divorce was granted. However, he had no knowledge of how much it costs to support the child. Appellee testified that it costs at least $320.00 per month to provide the child's needs at this time. Granted full consideration of the evidence bearing upon appellee's ability to support the child, appellant would still be under the duty to contribute $160.00 per month for child support.

Appellant's points and contentions are overruled. The judgment is affirmed.